DRURY *v.* STATE OF INDIANA.

[No. 25,023.   Filed March 6, 1929.]

*Alvah J. Rucker* and *John N. Wright,* for appellant. *Arthur L. Gilliom,* Attorney-General, and *George J. Muller,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was found guilty on count one which charged the defendant with having unlawfully sold, given away, etc., intoxicating liquor to persons named therein, among other charges of violation of Acts 1917, ch. 4, §4, as amended by Acts 1923, ch. 23, §1. Judgment was rendered upon the finding. There were other counts in the affidavit. Assignments of error are predicated upon the overruling of appellant's motion for a new trial, for the causes that the finding is not sustained by sufficient evidence and is contrary to law; and upon action of the court sustaining the state's objection to a question propounded to a witness for the state on cross-examination on behalf of appellant.

The evidence most favorable to sustain the finding is that the two men, on February 19, 1925, at 5:05 p. m., drove up in front of appellant's grocery store and stopped, and that appellant came out to their automobile, which was a coupe, and one of the occupants stated that he wanted a small bottle. Appellant returned to his store and brought to the automobile a paper sack which contained a bottle and the occupant of the car gave him a dollar. At the time of this occurrence, two police officers of the city of Indianapolis were making a search of a dwelling house which was the house next to appellant's dwelling house, which latter house was next to his store, and was about 100 feet away from the point where the automobile stopped. The officers saw appellant hand to the occupants of the car while they were in the car, a paper sack, which contained, as one of the officers testified, something that looked like it might be a bottle. The occupants of the car drove away and the police followed them in another car, and within a few blocks overtook them, and just as they drew up alongside, one of the occupants of the car which the police were following threw a package out of the car down a slope of a

bridge. One of the officers went down the slope and returned with a bottle which he testified contained white-mule whisky. The other thereafter went down the slope and returned with a paper sack. These two articles were introduced in evidence at the trial. The officers do not pretend to testify that the bottle found was the same bottle handed by appellant to the two occupants of the coupe. One of the occupants of the car denied knowing what was in the paper bag when it was delivered to them by the appellant and did not know what the stop was made for. The other occupant of the car testified that he could not identify the bottle the officers found as the same bottle which he obtained from appellant, but testified that it looked like the one he received from appellant, and, as they drove away from appellant's store and were followed by the policemen, they threw the bottle out of the car. There was in the coupe, when the officers stopped the occupants, a bottle of coca cola.

From this evidence, although it be far from strong evidence against the appellant, it may be found that the two men in the coupe purchased a bottle from appellant and gave him a dollar, and that immediately after, within a distance of from three to five blocks, on being overtaken by policemen, the occupants of the car who obtained the bottle from appellant, threw it out, according to their own testimony, which bottle was thereupon picked up by the police, and that the contents of the bottle was white-mule whisky.

One of the occupants of the coupe who made the purchase of the bottle was asked the question on cross-examination by appellant, "Did the officer say he would take you down unless you told where you got the bottle?" Answer, "No." After other witnesses had testified on behalf of the state, this

same person, the occupant of the coupe who answered the question just before stated, was asked the question by appellant upon cross-examination, "The officers told you if you did not fix the blame on someone they would take you down?" The objection to this question by the state was sustained and appellant excepted to the ruling of the court. It is claimed on behalf of appellant that this was error, for the reason that it was his right, upon cross-examination, to go into particulars in order to defeat or to break down the general evidence on behalf of the state. The rule of law invoked by appellant is conceded, but the question asked to which an objection was sustained is exactly of the same import as the first question quoted, which was answered in the negative. The ruling of the court sustaining the objection to the question was as much as to say in this particular instance that appellant had asked the same question of the same witness before upon cross-examination and had received an answer thereto. The ruling of the court would have been error had not the first question been answered. We are of the opinion that the court did not err in sustaining the state's objection to the appellant's question asked.

We are of the further opinion that the evidence is sufficient to sustain the finding of the court.

Judgment affirmed.